# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| JAMES CHERRY, | Case No. 4:23-cv-00569-P |
| Plaintiff, | |
| v. | AMENDED VERIFIED COMPLAINT |
| EQUIFAX INFORMATION SERVICES, LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff JAMES CHERRY ("Plaintiff"), by and through his attorneys, Jaffer & Associates, PLLC, and brings this *Amended Verified Complaint* against Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendant"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

## PREMLIMINARY STATEMENT

1.  This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

2.  Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.,* commonly known as the Fair Credit Reporting Act ("FCRA").

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, the Defendant resides here, and the Defendant transacts business here.

## PARTIES AND SERVICE

5. Plaintiff is an individual and therefore a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. At all times relevant to this case, Plaintiff is a resident of Tarrant County, Texas.

**Equifax Information Services, LLC ("Equifax")**

7. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicia district.

8. Defendant Equifax is a Georgia company registered to do business in the State of Texas and may be served with process upon Corporation Service Company, its registered agent for the service of process at 211 E. 7 Street, Suite 620, Austin, TX 78701.

9. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

10. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

11. As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates by reference all of the above paragraphs of this Amended Verified Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

13. Plaintiff incorporates by reference all the above paragraphs of this Verified Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

14. Sometime in 2018, Plaintiff noticed a Chase Card account ("Chase Account") and a Wells Fargo account ("Wells Fargo Account") on his Equifax credit report after a debt collector sent a collection letter trying to collect on the two accounts.

15. On or about September 18, 2022, Plaintiff filed a Federal Trade Commission ("FTC") affidavit stating that he did not open or authorize the opening of the Chase Account and the Wells Fargo Account. See **Exhibit A.**

**Equifax Credit Report**

Chase Account

16. The Chase Account is being reported as a closed, charged-off account a past due balance of $16,391 and $16,391 written off. See a copy of Equifax's credit report dated March 21, 2023 attached as **Exhibit B**.

17. Plaintiff disputed the Chase Account with Equifax, which included his date of birth, Social Security Number, address and a copy of his FTC affidavit with the dispute. See a redacted copy of the dispute letter attached as **Exhibit C**.

18. One or about October 14, 2022, Equifax verified the information that Plaintiff disputed. See a redacted copy of Equifax's dispute results attached as **Exhibit D**.

19. Equifax continues to report false and misleading information relating to the Chase Account on Plaintiff's Equifax credit reports.

Wells Fargo Account

20. The Wells Fargo Account is being reported as a closed, charged-off account a past due balance of $19,509 and $19,509 written off. See a copy of Equifax's credit report dated March 21, 2023 attached as **Exhibit E**.

21. Plaintiff disputed the Wells Fargo Account with Equifax, which included his date of birth, Social Security Number, address and a copy of his FTC affidavit with the dispute. See a redacted copy of the dispute letter attached as **Exhibit C**.

22. One or about October 14, 2022, Equifax verified the information that Plaintiff disputed. See a redacted copy of Equifax's dispute results attached as **Exhibit F**.

23. Equifax continues to report false and misleading information relating to the Wells Fargo Account on Plaintiff's Equifax credit reports.

**Credit Reporting Errors**

24. Equifax continues to report inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

25. Despite the dispute by Plaintiff that the information on the Accounts resulted from identify theft, Equifax did not evaluate, reevaluate, or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

26. In the alternative, Equifax failed to contact the furnishers and therefore failed to perform any investigation at all.

27. Defendant's furnishing or publishing of inaccurate reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to acquire credit on otherwise superior terms in addition to suffered credit denial, mental anguish, and frustration.

28. Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct Plaintiff's credit report.

29. Defendants violated the FCRA by continuing to report accounts resulting from identify theft that Plaintiff did not cause or authorize to be opened, and also when Defendants did not block the Accounts as Plaintiff requested.

**FIRST CAUSE OF ACTION**
**Willful Violation of § 1681e(b) as to Equifax**

30. Plaintiff incorporates by reference all of the above paragraphs of this Verified Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

31. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

32. Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

33. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
    b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;
    c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
    d. The failure to promptly and adequately investigate information

       which Equifax had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

34. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

35. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

36. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

37. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### Negligent Violation of § 1681(e)(b) as to Equifax

38. Plaintiff incorporates by reference all of the above paragraphs of this Verified Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

39. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et

seq.,

40. Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

41. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
    b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;
    c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
    d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;
    e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;
    f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;
    g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;
    h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

42. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

43. The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

44. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

### THIRD CAUSE OF ACTION
### Willful or Negligent Violation of 1681c-2(c)(2) as to Equifax

45. Plaintiff incorporates by reference all of the above paragraphs of this Verified Petition as though fully state herein with the same force and effect as if the same were set forth at length herein

46. § 1681c-2(c)(2) requires CRAs to tell a Plaintiff within five days what accounts the CRA has declined to block after Plaintiff's allegation of identity theft.

47. Equifax violated 15 U.S. C § 1681c-2(c)(2) by failing to timely notify Plaintiff in the same manner required by §1681i(a)(5)(B)(ii) of which accounts Equifax blocked or declined to block after Plaintiff's allegation of identity theft.

48. Equifax has willfully and recklessly failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes, but is not limited to: (1) failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; (2) the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; and (3) the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate.

49. The conduct action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

50. In the alternative, the conduct and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

51. Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) or §1681(o).

52. **WHEREFORE,** Plaintiff an individual, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n), § 1681(o).

## FOURTH CAUSE OF ACTION
### Willful or Negligent Violation of § 1681c-2(a) as to Equifax

53. Plaintiff incorporates by reference all of the above paragraphs of this Verified Petition as though fully state herein with the same force and effect as if the same were set forth at length

54. Equifax willfully violated §1681c-2(a). when it failed to block the Accounts listed in the FTC affidavit within four business days of receiving the dispute and documentation from Plaintiff.

55. In the alternative, Equifax negligently violated §1681c-2(a) when it failed to block the Account listed in the FTC affidavit within four business days of receiving the documentation from Plaintiff. See **Exhibit A, C.**

56. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) or § 1681(o).

57. **WHERETOFORE,** Plaintiff, an individual, demands judgment in his favor against Equifax, for actual damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION
### Willful Violation of § 1681(i)(a) as to Equifax

58. Plaintiff incorporates by reference all of the above paragraphs of this Verified Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

59. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

60. Equifax violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

61. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
   b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;
   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
   d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;
   e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;
   f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;
   g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;
   h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

62. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

63. The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

64. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

65. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to Equifax

66. Plaintiff incorporates by reference all of the above paragraphs of this Verified Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

68. Equifax violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

69. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;
   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
   d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;
   e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;
   f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

  g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

  h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

70. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

71. The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

72. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## DEMAND FOR TRIAL BY JURY

73. Plaintiff request a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

  1. For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

  2. For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

  3. For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

  4. For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3); and

  5. For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED: June 28, 2023                    Respectfully Submitted,

*/s/ Allen Edgar Robertson III*

**SHAWN JAFFER**
SB 24107817

**ALLEN EDGAR ROBERTSON III**
SB 24076655

**ROBERT LEACH**
SB 24103582

**JAFFER & ASSOCIATES, PLLC**

5757 ALPHA RD SUITE 580
DALLAS, TX 75240
(T) **214.494.1871** (F) **888.509.3910**
(E) **ALLEN@JAFFER.LAW ATTORNEYS@JAFFER.LAW**

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was electronically filed and served via CM/ECF upon the following, in accordance with the Federal Rules of Civil Procedure on June 28, 2023.

*/s/ Allen Edgar Robertson III*

**ALLEN EDGAR ROBERTSON III**

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, JAMES CHERRY, declare the following:

1. I have personal knowledge of the matters alleged in the foregoing Amended Complaint;
2. The allegation contained herein are true and correct; and
3. I am a victim of identity theft.

I verify under the penalty of perjury that the foregoing is true and correct.

Executed this \_\_30\_\_ day of \_\_June_____, 2023.

DocuSigned by:

*James Cherry*
9AD628B8872F462...
JAMES CHERRY